## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

PRENTIS TREWAYNE ROBERTS,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　　Civil Action No. 3:13CV500–HEH
　　　　　　　　　　　　　　　　)
HAROLD W. CLARKE,[1]　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)

### MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2254 Petition)

Prentis Trewayne Roberts, a former Virginia state prisoner proceeding *pro se*,

brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his

convictions in the Circuit Court of the City of Richmond ("Circuit Court"). Respondent

moves to dismiss on the grounds that the one-year statute of limitations governing federal

habeas petitions bars the § 2254 Petition. Respondent provided Roberts with appropriate

*Roseboro* notice.[2] (ECF No. 12.) Roberts has responded. The matter is ripe for

disposition.

---

[1] Respondent Ken Cuccinelli has moved to substitute Harold W. Clarke, the Director of Virginia Department of Corrections as the appropriate party respondent. The Court will grant the motion to substitute. (ECF No. 10.)

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. PROCEDURAL HISTORY

### A.      Original Conviction and Appeal

On September 11, 2000, the Circuit Court entered final judgment against Roberts

for one count of possession of cocaine with the intent to distribute and one count of

malicious wounding, and sentenced him to an active term of thirteen years of

incarceration. *Commonwealth v. Roberts*, No. CR00–F–2302 and CR00–F–1609, at 1–2

(Va. Cir. Ct. Sept. 11, 2000).  Roberts noted an appeal.  On February 1, 2001, the Court

of Appeals of Virginia dismissed Roberts's appeal because counsel failed to submit a

petition for appeal. *Roberts v. Commonwealth*, No. 2627–00–2, at 1 (Va. Ct. App. Feb.

1, 2001).

### B.      State Habeas

On March 24, 2003, Roberts filed a petition for a writ of habeas corpus in the

Circuit Court. *See Roberts v. Mahon*, No. LR–679, at 1 (Va. Cir. Ct. Apr. 10, 2003).  By

Order entered April 10, 2003, the Circuit Court found that "Petitioner was denied an

appeal after his sentencing on September 11, 2000, because of his counsel's failure to

perfect the appeal on [Roberts]'s behalf." *Id.*  The Circuit Court directed "the

Commonwealth to request that the appellate court grant Petitioner a delayed appeal." *Id.*

However, by Order entered April 23, 2003, the Circuit Court vacated the April 10, 2003

Order, and directed the respondent to file a response to Roberts's habeas petition.

*Roberts v. Mahon*, No. LR–679, at 1–2 (Va. Cir. Ct. Apr. 23, 2010).  On July 17, 2003,

the Circuit Court dismissed the habeas petition as untimely filed. *Roberts v. Mann*, No.

CL03–R–679, at 1–2 (Va. Cir. Ct. July 17, 2003).

Roberts appealed the dismissal of his state habeas petition. On March 12, 2004, the Supreme Court of Virginia refused Roberts's petition for appeal. *Roberts v. Mahon*, No. 032383, at 1 (Va. Mar. 12, 2004.)

### C.  § 2254 Petition

On July 24, 2013, Roberts filed his original § 2254 Petition with this Court. (ECF No. 1, at 9.)[3] In his Amended § 2254 Petition (ECF No. 5), Roberts brings the following claims for relief:

| Claim One | "('Actual Innocence') Petitioner's malicious wounding conviction rested on a set of facts different from that set forth in the Grand Jury indictment." (*Id.* at 5.) |
|---|---|
| Claim Two | "Petitioner was denied his right to effective assistance of counsel on the appellate level." (*Id.* at 6.) |

### II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[3] The Court deems the petition filed on the date Roberts executed his habeas petition and presumably placed it in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988). By Memorandum Order entered September 19, 2013, the Court required Roberts to refile his petition on standard forms for filing a § 2254 petition. Roberts's Amended Petition (ECF No. 5) supplants the original filing. The Court employs the pagination assigned to Roberts's submissions by the CM/ECF docketing system.

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## A.    Commencement of the Statute of Limitations

Roberts's judgment became final for the purposes of the AEDPA on Monday March 5, 2001, when the time for noting an appeal with the Supreme Court of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5:14(a) (requiring notice of appeal to be filed thirty days after judgment of Court of Appeals of Virginia). Thus, Roberts had one year, or until March 5, 2002, to file

a petition pursuant to 28 U.S.C. § 2254. Roberts filed this § 2254 Petition more than eleven years later on July 24, 2013.

### B.     Belated Commencement of the Limitations Period

Roberts suggests that he "failed to meet the one year limitation because of [his] attorney's negligence" in failing to file a petition for appeal. (Am. § 2254 Pet. 14 (capitalization corrected).) Thus, the Court assumes he suggests that he is entitled to a belated commencement under § 2244(d)(1)(D) because he instructed counsel to file an appeal and counsel failed to perfect the appeal. *See* 28 U.S.C. § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.")

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Once Roberts requested that counsel file an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. *See El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2–3 (E.D. Va. June 4, 2008). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *2 (citations omitted). The Court of Appeals of Virginia dismissed Roberts's appeal on February 1, 2001. Counsel's failure to perfect the appeal was discoverable as of that date because the Court of Appeals of Virginia's dismissal became part of the public record. *See Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003).

Although Roberts possessed the ability to discover his counsel's failure to appeal on February 1, 2001, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citing cases and finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). While Roberts fails to provide upon what date he learned that counsel failed to file an appeal, the record

demonstrates that Roberts initiated a bar complaint against counsel for failing to file an appeal on November 27, 2001. (*See* Am. § 2254 Pet. 38.) Thus, Roberts clearly knew of counsel's error at the latest, on November 27, 2001, and the Court will assume that date serves as the commencement of the running of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

### C.   No Entitlement to Statutory Tolling

Applying the entitlement to belated commencement previously discussed, Roberts had one year from November 27, 2001, until November 28, 2002 to file his § 2254 Petition. While Roberts filed a state habeas petition in the Circuit Court on February 24, 2003, because Roberts filed his state petition after the federal statute of limitations had expired, no period to toll existed. *Deville v. Johnson*, No. 1:09cv72(CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)). Therefore, the statute of limitations bars the action even with the benefit of the belated commencement date. Neither Roberts nor the record demonstrates entitlement to equitable tolling. Roberts, nevertheless, states that he is actually innocent.

### D.   Actual Innocence

In support of his claim of "actual innocence" of malicious wounding, Roberts advances a theory that a legal defect existed in the charging instrument because the grand jury indicted him for aggravated malicious wounding; however, the jury convicted him of malicious wounding. (Am. § 2254 Pet. 20–21.) Roberts claims that "his Fifth Amendment Grand Jury rights were violated because his Malicious Wounding conviction

rested on a set of facts distinctly different from that set forth in his Grand Jury indictment." (*Id.* at 20.)

The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). However, "actual innocence" means factual innocence and not just legal insufficiency, as relied upon by Roberts. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citations omitted) (internal quotation marks omitted) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence.") For an actual innocence claim, a petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F.Supp.2d 600, 610 (D. Md.1999)).

In support of his "actual innocence" claim, Roberts neither alleges that he is factually actually innocent of the crime of malicious wounding nor provides any new evidence of his innocence. Therefore, he fails to establish that his alleged actual innocence permits the Court to reach the merits of his time-barred § 2254 Petition.

8

### III.   CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 8) will be granted. The petition for a writ of habeas corpus will be denied. The action will be dismissed. The Court denies a certificate of appealability.[4]

An appropriate Order shall issue.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: May 30, 2014
Richmond, Virginia

---

[4] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Roberts is entitled to further consideration in this matter.